## Case No. 9,690.

### MOFFITT v. GAAR et al.

[1 Fish. Pat. Cas. 610; 1 Bond, 315; 7 Pittsb. Leg. J. 346.] [1]

Circuit Court, S. D. Ohio.    April, 1860. [2]

PATENTS — HOW RIGHTS ACQUIRED — SURRENDER FOR REISSUE—INFRINGEMENT BEFORE REISSUE.

1. An inventor has no legal rights or immunities under a patent, except such as are conferred by the statute. With whatever solemnity or observance of legal form it may have issued, if wanting in any substantial statutory requisite, it is a nullity.

2. The surrender of a patent for reissue is equivalent to a distinct admission made in the most solemn form, that the patent has no validity in the sense of entitling the patentee to an action for its infringement.

[Cited in Brown v. Hinkley, Case No. 2,012; Burrell v. Hackley, 35 Fed. 834.]

3. The statute gives no right of action for an infringement occurring under the original and void patent, and before the reissue of the new patent.

Letters patent of the United States were granted to John R. Moffitt November 30, 1852 [No. 9,432], for an "improvement in grain separators." This patent was surrendered and reissued to him March 23, 1858 [No. 540]. Suit was brought against the defendants [Abraham Gaar, John M. Gaar, and William G. Scott], March 22, 1859, to recover damages for the infringement of the reissued patent. After the bringing of the suit, and before the rule day for plea, the plaintiff surrendered his patent for the purpose of obtaining a second reissue. Thereupon the defendants set up, by way of plea, "that since the commencement of this action, and before the 17th day of May, 1859, to-wit: on the —— day of ——, the said John R. Moffitt surrendered to the United States the patent before that time issued to him, and for the alleged infringement of which this suit is brought, and this he is ready to verify," etc. This plea was filed October 25, 1859. To this the plaintiff demurred, claiming: first, that a plea of surrender only, was not sufficient, that it did not appear that the patent was surrendered for reissue or for any cause that rendered it void: and, second, that the reissue of a patent did not necessarily admit the invalidity of the original, and that suits upon such original, pending at the time of the surrender, might be maintained.

G. M. Lee and S. S. Fisher, for plaintiff.

N. C. McLean and H. Stanbery, for defendants.

LEAVITT, District Judge. This suit is brought for an alleged infringement of the exclusive right of the plaintiff to an improvement in grain separators, or threshing machines, secured to him by patent. The declaration avers that a patent issued to the

1 [Reported by Samuel S. Fisher, Esq.; reprinted in 1 Bond, 315; and here republished by permission.]

2 [Affirmed in 1 Black (66 U. S.) 273.]

plaintiff on November 30, 1852, which was afterward surrendered by him, and reissued on March 23, 1858. The infringement alleged is, that subsequently to the reissue of the patent, the defendants constructed a large number of the separators, or machines, on the improved plan of the plaintiff's improvement, and in violation of his right.

The defendants, in their plea, set up as an answer to the plaintiff's claim, that since the commencement of this action he has again surrendered his patent to the United States. To this plea the plaintiff has filed a general demurrer; and the question which it presents is, whether an action can be maintained for an infringement of a patent which has been surrendered under a provision of the statute authorizing that procedure.

In the argument of the demurrer, no case was referred to in which the precise point before the court has been judicially determined. It is believed there is no such reported case, and we are left, therefore, without the light of any direct authority bearing upon it.

The inquiry is not, whether a surrendered patent is for all purposes to be regarded as a nullity, but whether the patentee has a remedy for its infringement. The thirteenth section of the patent act of July 4, 1836 [5 Stat. 122], provides, "That whenever any patent which has heretofore been granted, or which shall hereafter be granted, shall be inoperative or invalid, by reason of a defective or insufficient description, or by reason of the patentee claiming in his specification as his own invention, more than he had a right to claim as new, if the error has or shall have arisen by inadvertency, accident or mistake, and without any fraudulent or deceptive intention, it shall be lawful for the commissioner, upon the surrender to him of such patent, and the payment of the further duty of fifteen dollars, to cause a new patent to be issued to the said inventor for the same invention, for the residue of the period then unexpired, for which the original patent was granted, in accordance with the patentee's corrected description and specification."

It is also provided in the same section, "that the patent so reissued, together with the corrected description and specification, shall have the same effect and operation in law, on the trial of all actions hereafter commenced for causes subsequently accruing, as though the same had been originally filed in such corrected form before the issuing of the original patent."—

It is an undoubted truth, that an inventor has no legal rights or immunities under a patent, except such as are conferred by the statute. With whatever solemnity or observance of legal form it may have issued, if wanting in any substantial statutory requisite it is a nullity. And such defect is always available as a defense in a suit for an infringement. By the sixth section of the act just referred to, every inventor, before he is entitled to a patent, is required to describe his invention or improvement "in such full, clear and exact terms," that its precise character, and the manner of its use and application, may be known. And where the invention consists in an improvement, or new and useful application of something before known, he must carefully distinguish between what is old, and what he claims as his invention. And it is every day's practice in judicial trials, to declare patents void for a failure to comply with statutory requirements.

In the liberal and benignant spirit in which our patent system has been conceived and carried out, the thirteenth section of the act of 1836, gives to the patentee a right to correct his description or specification, when its imperfection has resulted from inadvertency, accident, or mistake. This is effected by a surrender of his patent, and obtaining a new patent upon an amended specification. By this means he is protected from some of the effects of his error, and secured in the enjoyment of all his rights as an inventor, after the emanation of the new or corrected patent. But the statute gives no right of action for an infringement occurring under the void patent, and before the reissue of the new patent. In the present case, the grounds on which the old patent was surrendered, and a reissue authorized, are not before the court. But the court must presume that they were such as, by the language of the thirteenth section, authorized the surrender of the old patent, and the granting of a new one. The only condition on which this can be done, is that the original patent is "inoperative or invalid" by reason of a failure to comply with the requirements of the statute. The proceeding is, therefore, equivalent to a distinct admission made in the most solemn form, that the patent has no validity in the sense of entitling the patentee to an action for its infringement. The new patent can be operative only from its date, as affording the patentee a remedy for an infringement. The statute expressly negatives the idea that it was intended to give a retrospective operation to the new patent, and entitle the patentee to an action for an infringement previously accruing. It was, doubtless, competent for the legislature to have declared that the new patent should have this effect, but the language used imports the opposite intention. The statute provides, in express terms, that the reissued patent "shall have the same effect and operation in law, on the trial of all actions hereafter commenced for causes subsequently accruing, as though the same had been originally filed in such corrected form, before the issuing of the original patent." Now, the allegation of the plea in this case is, that after the cause of action accrued, and after the commencement of this action the plaintiff surrendered his patent. The demurrer admits the truth of this averment. The claim of the plaintiff, then, is based on infringement occurring under the old patent,

and not for a cause of action accruing after the date of the reissued patent. Clearly the statute affords no remedy for such an infringement. Any other construction of the statute would result in the absurdity of conferring on the patentee, as the result of the surrender of what he admits to be an invalid patent, rights and immunities which he could not claim without such surrender. In other words, the legal effect of the reissued patent would be to give force and vitality to the original patent, in the face of the admission of the patentee that it was inoperative and invalid. This may be illustrated by supposing that the patentee had made no surrender, but had chosen to rest his rights on the original patent. Is it not clear, that there could have been no recovery in that case for an infringement? The patentee would have been met with the unanswerable objection, that the patent was invalid, from a fatal omission to comply with the requisition of the statute. And there can be no pretense for claiming, that by the surrender of the old patent, and the emanation of a second one, the patentee, as to infringements occurring under the original patent, is placed in a better situation, than if there had been no surrender and reissue.

In any aspect of this question, we are clearly of the opinion that the plaintiff is not entitled to recover, and that the demurrer to the plea must be overruled.

[This case was taken by the plaintiff to the supreme court, on a writ of error, where the judgment of the court below was affirmed. 1 Black (66 U. S.) 273.]